```
                                                    ┌─────────────────────────────────┐
                                                    │ USDC SDNY                       │
                                                    │ DOCUMENT                        │
UNITED STATES DISTRICT COURT                        │ ELECTRONICALLY FILED            │
SOUTHERN DISTRICT OF NEW YORK                       │ DOC #: _____                │
                                                    │ DATE FILED: 1-28-16             │
                                    ------X         └─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X
                   :

LUIS VALERIO,                  :

           *Petitioner*,     :     15 Civ. 1045 (PAC)
                   :     11 Cr. 569 (PAC)

   *-against-*               :

UNITED STATES OF AMERICA,    :     **OPINION & ORDER**

          *Respondent*.    :

--------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

On April 9, 2013, Petitioner Luis Valerio pleaded guilty, pursuant to a written plea agreement, to using a firearm to commit murder during and in relation to a drug trafficking conspiracy, in violation of 18 U.S.C. § 924(j)(1). Valerio waived his right to appeal and to collaterally attack any sentence at or below the agreed upon guideline range of 360 months to life imprisonment. On October 31, 2013, the Court sentenced Valerio to 360 months imprisonment, followed by four years of supervised release. The Second Circuit dismissed his appeal because the plea agreement waived his appellate right. *United States v. Valerio*, 13-4316 (L) (2d Cir. Jan 30, 2015).

Now, notwithstanding his waiver of his right to collaterally attack his sentence, Valerio petitions, pursuant to 28 U.S.C. § 2255, to vacate the sentence. Valerio claims his Sixth Amendment right to effective assistance of counsel was violated because counsel failed to move to dismiss the indictment and instead advised Valerio to plead guilty to charges that were time-barred and premised on an underlying drug conspiracy of which Valerio was not a member.

Valerio's petition flies in the face of his plea agreement. In any event, he was not

1

deprived of effective assistance of counsel, and accordingly his motion is DENIED.

## BACKGROUND

From 2003 through 2011, Levit Fernandini ran a drug trafficking organization on Creston Avenue just north of Fordham Road in The Bronx, New York.  Pre-Sentence Report ("PSR") ¶ 53.  The so-called Creston Avenue Crew sold retail and wholesale amounts of cocaine and retail amounts of marijuana.  *Id.*  In June 2006, Fernandini hired Valerio and several others, who were members of a different drug trafficking organization operating in the area of Gerard Avenue (the "Gerard Avenue Crew"), to "shoot up" a street corner operated by rival drug dealers also on Creston Avenue.  *Id.* ¶ 98.  On June 6, 2006, Valerio participated in the shooting ordered by Fernandini.  Specifically, Valerio and another individual carried guns and shot into a large crowd of people, resulting in the death of one person and injuries to three others.  *Id.*

On September 10, 2012, Valerio was charged in three counts of a nine-count superseding indictment against 27 individuals bringing various drug trafficking and firearms offenses related to the operation of the Creston Avenue Crew.  Court One charged Valerio with participating in a conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. § 846.  Count Two charged Valerio with using a firearm to commit murder during and in relation to the drug trafficking conspiracy, in violation of 18 U.S.C. §§ 924(j)(1) and (2).  Count Four charged Valerio with discharging a firearm during and in relation to the drug trafficking conspiracy, in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

On April 9, 2013, Valerio pleaded guilty to Count Two of the indictment pursuant to a written plea agreement, which waived his right to appeal, as well as his right to file "a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255." Plea Agreement at 4.  When he pleaded guilty, Valerio swore that he was aware of the

consequences of pleading guilty; he had discussed those consequences with counsel; he was

satisfied with counsel's advice and representation; he was signing the plea agreement freely and

voluntarily, and without coercion or threat; and he was pleading guilty to Count 2, which

charged him with murder in connection with a drug conspiracy, because he was in fact guilty.

*See* Transcript of April 9, 2013 Proceedings, Dkt. 371.

The Second Circuit found Valerio's appeal waiver valid. *United States v. Valerio*, 13-

4316 (L) (2d Cir. Jan 30, 2015). His waiver of his right to collateral attack should be valid as

well. The Second Circuit has held, however, that where a petitioner claims "that his attorney

was ineffective in advising him to accept the plea agreement rather than advising him to move to

dismiss the indictment," a collateral attack waiver does not bar the petitioner from bringing a

§ 2255 petition. *Parisi v. United States*, 529 F.3d 134, 139 (2d Cir. 2008). Accordingly, we turn

to Valerio's petition to vacate his sentence imposed on October 31, 2013.

## DISCUSSION

### I.    Legal Standard

"A claim of ineffective assistance entails a showing that: 1) the defense counsel's

performance was objectively unreasonable; and 2) the deficient performance prejudiced the

defense." *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) (citing *Strickland v.

Washington*, 466 U.S. 668, 687-88 (1984)). The *Strickland* test "applies to guilty plea

challenges." *Id.* "[W]here the alleged error of counsel is a failure to advise the defendant of a

potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will

depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill v.

Lockhart*, 474 U.S. 52, 59 (1985). As such, counsel is not ineffective for failing to raise a

meritless defense. *See Aparicio v. Artuz*, 269 F.3d, 78, 98 (2d Cir. 2001).

3

## II.   Analysis

Valerio argues that his defense counsel was ineffective for failing to raise several potential defenses. First, Valerio contends that counsel should have moved to dismiss the indictment on grounds that the Government failed to indict him within the five-year statute of limitations set by 18 U.S.C. § 3282(a). Valerio points to the fact that his only involvement with the Creston Avenue Crew was on June 12, 2006 and the indictment was filed more than five years later on September 10, 2012. But Count 2 (the count to which Valerio pleaded guilty) was timely because crimes punishable by death such as 18 U.S.C. § 924(j) are not subject to any limitations period, pursuant to 18 U.S.C. § 3281. *United States v. Dames*, No. 04 cr 1247 (PAC), 2007 WL 1032257, at *1 (S.D.N.Y. Mar. 30, 2007). That is so regardless of whether a separate charge for the underlying drug conspiracy would be time-barred. *Id.* And § 3281 applies even though Valerio was a minor when he murdered Santiago, and so not eligible for the death penalty. *See United States v. Payne*, 591 F.3d 46, 59 (2d Cir. 2010) ("[W]hether a crime is 'punishable by death' under § 3281 or '[not] capital' under § 3282 depends on whether the death penalty may be imposed for the crime under the enabling statute, *not* on whether the death penalty is in fact available for defendants in a particular case.") (quoting *United States v. Ealy*, 363 F.3d 292, 296-97 (4th Cir. 2004)). The statute of limitations argument is without merit.

Next, Valerio claims that defense counsel erred by failing to argue that, since Valerio never agreed to (and never did) sell drugs for the Creston Avenue Crew, he neither acted "during and in relation to" the Creston Avenue Crew drug trafficking conspiracy nor did he use a firearm "in furtherance of" that conspiracy. *See* 18 U.S.C. § 924(c)(1)(A). That argument fails because it is premised on an overly cramped view of what constitutes a conspiracy. "The essence of conspiracy is agreement among two or more persons to join in a concerted effort to accomplish

4

an illegal purpose." *United States v. Parker*, 554 F.3d 230, 234 (2d Cir. 2009). "Because narcotics conspiracies are illicit ventures, disputes are frequently settled by force or the threat of force. . . . Consequently, advancing the aim of a narcotics conspiracy can involve performing ancillary functions such as . . . enforcing discipline and chastising rivals." *United States v. Santos*, 541 F.3d 63, 72 (2d Cir. 2008) (internal quotation marks and brackets omitted). "Violence furthers such a conspiracy . . . by sending the message that those suspected of stealing from the conspiracy would be treated harshly." *Id.* (internal quotation marks omitted).

Valerio's moving papers are fatal to his argument; he describes the relevant facts as follows: Fernandini offered Albert Soto, a high ranking member of the Gerard Avenue Crew, $5,000 to "shoot up" the corner of 192nd Street and Creston Avenue, an action that was "designed to send a message to the rivals of the Creston Crew that they were not allowed to sell drugs on Creston Avenue." Motion to Vacate, Dkt. 1 at 2. Soto then told Valerio that "a big time drug dealer that he knew wanted the corner of 192nd and Creston 'shot up,' and that we would be paid for it. I agreed to participate."[1] *Id.* Those facts (which are consistent with the facts as provided in the PSR that Valerio accepted as true at sentencing) compel but one conclusion: Valerio acted "in relation to" the Creston Avenue Crew drug conspiracy and used a firearm "in furtherance of" the conspiracy. *See* PSR ¶ 98; Transcript of Oct. 31, 2013 Proceedings, at 2. Fernandini hired Soto and Valerio to help enforce and maintain Fernandini's control of his drug spot on Creston Avenue. As such, Valerio's argument that he did not act in furtherance of a drug conspiracy is without merit.

---

[1] Likewise, when he pleaded guilty Valerio swore: "I agreed with others to possess and use a firearm in furtherance of a narcotics conspiracy on Creston Avenue. . . . Specifically, on June 12, 2006, I shot at Christopher Santiago with a gun on Creston Avenue and 193rd Street in the Bronx, and Mr. Santiago died that same night from gunshot wounds. I knew it was illegal to shoot at Christopher Santiago with a gun." Transcript of April 9, 2013 Proceedings, at 10.

## CONCLUSION

Since the arguments Valerio faults defense counsel for not raising are meritless, he was

not denied effective assistance of counsel.  Petitioner's motion to vacate the sentence is

DENIED.  As petitioner has not made a substantial showing of the denial of a constitutional

right, a certificate of appealability will not issue. 28 U.S.C. § 2253.   The Clerk is directed to

enter judgment and terminate 15 cv 1045.


Dated: New York, New York          SO ORDERED
      January 28, 2016

                                   PAUL A. CROTTY
                                   United States District Judge


Copy mailed by chambers to:

Luis Valerio
70301-054
United States Penitentiary McCreary
P.O. Box 3000
Pine Knot, KY 42635